## John Perkins, Jr. v. Mary E. Potts, his Wife.

No separation of husband and wife can be decreed for cause of abandonment without a compliance with Article 143 of the Code.

The law presupposes the possibility of a reconciliation between husband and wife, and its policy is to bring them together again.

Vague and general allegations cannot support a petition in an ordinary civil suit. The cause of action—the object of the demand and the nature of the title, must be stated with such certainty as to apprise the defendant of every circumstance necessary to put him on his just defence, and to bar a subsequent investigation of matters once decided. A party can be permitted to derive no advantage from the obscurity, or generality of his allegations.

Sound policy requires that there should be no relaxation of these rules, especially in proceedings of this kind, which involve the fate of individuals, and the most important interests of society.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *A. N. Ogden* and *Saml. R. Walker*, for plaintiff and appellant. *H. H. Strawbridge*, for defendant.

Eustis, C. J. This appeal is taken from a judgment of the Fifth District Court of New Orleans, dismissing the plaintiff's petition.

The plaintiff has brought this action for the purpose of obtaining a decree of separation from bed and board from the defendant, his wife.

The defendant is absent and an attorney was appointed to represent her.

The District Judge considered that the only ground for a separation on which this action was based, was that of abandonment on the part of the wife, and that the proceedings required by the 143d Article of the Code not having been followed by the plaintiff his action failed.

This article provides that the abandonment with which the husband or wife is charged must be made to appear by three reiterated summonses made to him or her from month to month, directing him or her to return to the place of the matrimonial domicil and followed by a judgment which has sentenced him or her to comply with such request, together with a notification of said judgment given to him or her from month to month for three times successively. The summons or notification shall be made to him or her at the place of his or her usual residence, if he or she lives in the State, and if absent, at the place of residence of the attorney who shall be appointed to represent the absentee.

The law presupposes the possibility of a reconciliation of the parties, and its policy is to bring them together again. We concur with the District Judge in the opinion that no separation can be decreed for cause of abandonment without a compliance with the requisites of this article.

It is insisted by counsel that this cause of abandonment is not the only one alleged in the petition.

The petition charges that the plaintiff whose domicil was in New Orleans, was married in New York to the defendant in 1850, that the marriage was contracted with a view to make Louisiana their permanent place of residence, that shortly after marriage the parties sailed for Europe, and while residing in Paris, his wife, without any cause, abandoned their common dwelling and concealed herself from the petitioner for the space of six weeks, and that since her desertion she has removed to and resides with her father in the city of New York. The petition contains allegations of kindness and affection on the part of the husband and the failure and refusal on the part of the defendant to perform the duties incumbent on her as a wife; that her desertion, her conduct and her treatment of him has been cruel and unjust to him to such a degree as to render

PERKINS
v.
POTTS.

their living together as man and wife insupportable, unadvisable and impossible. But with the exception of the abandonment, no acts of the wife are stated, no facts alleged in the manner in which they can be adjudicated upon. This proceeding against an absentee for the purpose of dissolving a marriage is of the gravest possible character, and we think the judge was right in refusing to act on any portion of the petition, except that which contained a cause of action exhibited in a legal form.

Vague and general allegations cannot support a petition in an ordinary civil suit. The cause of action, the object of the demand and the nature of the title, must be stated with such certainty as to apprise the defendant of every circumstance necessary to put him on his just defence, and to bar a subsequent investigation of matters once decided. A party can be permitted to derive no advantage from the obscurity or generality of his allegations. The allegations of the petition are all of that character, except that relating to the abandonment, and not sufficient to put the defendant on her defence.

Sound policy requires that there should be no relaxation of these rules, especially in proceedings of this kind, which involve the fate of individuals and the most important interests of society.

There is no proceeding in the Ecclesiastical Courts in England in cases of this kind without a proper statement of the facts charged. Not that the case should be loaded with supernumerary circumstances, but it is always required that the charge should be made in such a form as to apprize the party of the facts intended to be established. 1 Haggard, 733, note *Popkin* v. *Popkin*. 3 English Ecclesiastical Reports, 325. *D'Aguilar* v. *D'Aguilar*, id., 329. 1 id., 200.

The same practice prevails in France and none other is tolerated by the Court of Cassation. Sirey, 6, 2, 572; id., 7, 2, 907. Id., 6, 2, 528; id., 11, 2, 243. Journal du Palais, 14, 391.

The judgement of the District Court is therefore affirmed with costs.