No. 4708.

NATHANIEL B. MERRILL VS. MARY LAWRENCE FLINT. HIS WIFE.

This suit for a divorce brought by a husband against his wife was filed on the seventeenth day of March, 1873. On the third day thereafter, the curator, *ad hoc* appointed by the court, answered, admitting the marriage and that there was a minor child, but denying all the other allegations of the petition. On the next day the deposition of three witnesses was taken in the clerk's office by consent of counsel and the case submitted. On the succeeding day the court rendered judgment as prayed for by plaintiff, and three days later the judgment was signed. Thus, within ten days the suit was filed, issue joined, evidence taken, the case submitted, and judgment signed. Nineteen days after the signing of this judgment, the defendant, who resided in New York and who had been ignorant of these proceedings, appealed by her attorney.

The proceeding did not authorize the decree, and the evidence of the witnesses fails to establish with sufficient legal certainty the charges made in the petition, not

Merrill vs. Mary Lawrence Flint, His Wife.

one of the witnesses having any personal knowledge of the facts, except that defendant was not residing with her husband in New Orleans.

The ground for the divorce is simply and solely the charge of abandonment by the wife, no other cause being disclosed by the petition. The charge of abandonment, if properly presented and established, would authorize a judgment of separation from bed and board, and, after one year shall have expired and no reconciliation, a judgment of divorce.

Relief on the ground of abandonment can only be had by complying with article 145 of the Revised Code, which requires that the abandonment must be made to appear by the evidence of three reiterated summons made to him or to her, from month to month, directing him or her to return to the matrimonial domicile, followed by a judgment which shall sentence him or her to comply with such request, together with a notice of said judgment given to him or her, from month to month, for three times successively. The summonses and notice of judgment shall be made to him or to her at the place of his or her usual residence, if he or she lives in this State, and, if absent, at the place of residence of the attorney who shall be appointed to him or her by the judge for that purpose. This formality has not been complied with by plaintiff.

No separation of husband and wife can be decreed for cause of abandonment without a compliance with article 145 of the Revised Code.

A particular form of procedure is required by the Code for obtaining a decree of separation on the ground of abandonment, and that form must be pursued to obtain relief. This has been the ruling of this court in more than one case. Upon the face of the record, therefore, plaintiff has not presented a cause of action entitling him to relief.

APPEAL from the Fifth District Court, parish of Orleans. *Cullom, J.* *H. C. Castellanos,* for plaintiff and appellee. *A. A. Atocha,* curator *ad hoc,* and *Hornor & Benedict,* for defendant and appellant.

WYLY, J. Defendant, who was married to plaintiff in July, 1864, appeals from the judgment herein decreeing a divorce *a vinculo matrimonii* between herself and her said husband, and giving him the custody of their minor child, Katie.

The grounds stated in the petition for the divorce are: That plaintiff was married to the defendant in New Jersey in 1864; in 1866 he came to New Orleans and established himself in business, and has resided here up to the present time; that when petitioner came to New Orleans he prepared to bring his wife and child with him, but his said wife peremptorily refused to follow him; that he has repeatedly called upon her to come and join him at the conjugal domicile, but she has persistently refused, and still refuses, to return to said domicile; that her conduct has been repugnant to the marriage covenant, and such as to render any further living together insupportable; that his said wife has left the place where she was married to petitioner, without notification to him and without his consent, and refuses to hold any communication with him; and petitioner, only through information from other persons, has learned that his said wife is in some part of the continent of Europe.

Upon these allegations plaintiff prayed for the appointment of a curator *ad hoc* to represent his wife, for his citation, and, after due proceedings and delays, for a judgment of divorce *a vinculo matrimonii* and for a decree giving him the custody of their minor child.

This suit was filed on the seventeenth of March, 1873; on the third day thereafter the curator *ad hoc* appointed by the court answered, admitting the marriage and the allegation that there was one minor child, the issue of said marriage, and denying all the other allegations of the petition. On the next day the depositions of three witnesses were taken in the clerk's office by consent of counsel, and the case submitted. On the succeeding day the court rendered judgment as prayed for by plaintiff, and three days later the judgment was signed.

Thus within ten days the suit was filed, issue joined, evidence taken, the case submitted, judgment rendered and signed. On the fifteenth of April, 1873, nineteen days after the signing of this judgment, the defendant, by her attorney, prayed for and obtained an appeal, alleging in the petition that she was a resident of the city and State of New York; that her said husband, without notice to her, obtained the judgment of divorce contradictorily with a curator *ad hoc* appointed under the untrue statement that she was absent in Europe, when her said husband knew that she was at her domicile in New York; that the first knowledge she had of said suit, or said judgment, was on the ninth of April, 1873, a few days before this application for an appeal. In this court the appellant assigns the following errors:

First—The court was without jurisdiction.

Second—The proceedings and evidence do not warrant the judgment.

Third—The defendant was not cited, and was not a party to the proceeding.

Fourth—That said judgment was rendered by consent illegally given by the curator *ad hoc*.

Without expressing an opinion as to the first, third, and fourth grounds, we are, from an examination of this case, clearly of opinion that the second ground of error was well taken.

The proceeding did not authorize the decree, and the evidence of the witnesses fails to establish with sufficient legal certainty the charges made in the petition, not one of the witnesses having any personal knowledge of the facts, except that defendant was not residing with her husband in this State.

The ground for the divorce is the charge of abandonment; no other cause is disclosed by the petition. The charge of abandonment, if properly presented and established, would authorize a judgment of separation from bed and board, and after one year shall have expired, and no reconciliation, a judgment of divorce. Revised Code, article 139.

Relief on the ground of abandonment can only be had by complying with article 145 of the Revised Code, which requires that the abandonment must be made to appear by three reiterated summonses made to him or her from month to month, directing him or her to return to the

matrimonial domicile, followed by a judgment which shall sentence him or her to comply with such request, together with a notice of such judgment given to him or her from month to month for three times successively. The summons and notice of judgment shall be made to him or her at the place of his or her usual residence, if he or she lives in this State, and, if absent, at the place of residence of the attorney who shall be appointed to him or her by the judge for that purpose. This formality has not been complied with by plaintiff. In Perkins vs. Potts, 8 An. 14, it was held that no separation of husband and wife can be decreed for cause of abandonment without a compliance with article 143 of the Civil Code, being article 145 of the Revised Code.

In Bienvenu vs. Buisson, 14 An. 387, it was held that a particular form of procedure is required by the Code for obtaining a decree of separation on the ground of abandonment, and that form must be pursued to obtain relief. And this has been the ruling of this court in other cases.

Upon the face of the papers, therefore, plaintiff has not presented a case entitling him to relief.

It is therefore ordered that the judgment herein in favor of plaintiff be annulled, and it is decreed that plaintiff's suit be dismissed with costs of both courts.