No. 12,678.

MRS. SARAH C. LANE, WIFE, VS. JOHN A. BURSHA, HUSBAND.

A wife having sued her husband for a separation of bed and board, grounded upon abandonment, the husband was summoned according to law to return to the matrimonial domicile, and immediately complied with the order, where-upon the wife left the house and went to reside with her father. The return of the husband was evidently *bona fide*, and not colorable to put an end to the suit. The wife then filed a supplemental petition averring cruel treatment and want of support by her husband. The court found these allegations to be not well founded, and the real source of complaint to be differences between her parents, who had gone to reside with their daughter and her husband. There was no reason to suppose that the husband through his conduct intended to wound the feelings and sensibilities of his wife. Her first duty was to her husband. Differences between the husband and the wife's parents, in which the wife sides with the latter, furnish no ground for separation.

APPEAL from the Twenty-fourth Judicial District Court for the Parish of St Mary.   *Allen, J.*

*Mentz & O'Neill* and *Carroll & Carroll* for Plaintiff, Appellant.

*Wilson & Mayer* for Defendant, Appellee.

Argued and submitted December 31, 1897.
Opinion handed down January 24, 1898.
Rehearing refused February 21, 1898.

The opinion of the Court was delivered by

NICHOLLS, C. J.   Plaintiff alleged in her petition her marriage to her husband in 1894, and that of their marriage there was one child twenty-one months of age.   That her husband quit the matrimonial domicile in which they had been established since then in the parish of St. Mary, and still continued at the date of her petition to reside away from it; that he refused to return and live therein.   That he had been guilty of cruelty toward her as well as of outrages, which cruelty and outrages were of such a nature as to render their living together insupportable to her.

That she desired to be separated from bed and board from him. and finally to be relieved of the bonds of matrimony existing between them.   She prayed that she be given the provisional custody

of the infant child; that her husband be summoned in the manner required by law to return to their common domicile; that after due hearing and delays, and after due summons to her husband as prayed for, and after due proof of the charges made, that there be judgment in her favor separating her from bed and board from her husband, and that defendant pay the costs of suit. That her husband, before his marriage, acquired certain property, which she described in her petition, which had been increased in value by reason of improvements put thereon to the extent of twenty-four hundred dollars, and that in the event of a judgment in her favor that she have judgment for one-half the said sum, with legal interest from judicial demand.

By order of court plaintiff was authorized to stand in judgment in the suit and given provisionally the custody of the child. Defendant was ordered to be summoned to return to the common matrimonial domicile in the manner required by law.

Defendant was (as ordered) summoned on the 16th February, 1897, to return to the matrimonial domicile.

On the 2d of March defendant answered. He admitted his marriage to the plaintiff. He averred that he had always acted and conducted himself toward his wife and child as a true and devoted father and husband; that he at no time ill treated or refused to support his family with all the necessaries of life; that his wife lived happily with him until the interference of her mother and father, who prevailed upon her to leave and quit him unless he would transfer to his wife and child all of his real estate, which he refused to do and which refusal caused the present trouble.

That he at no time quit the marital dwelling, but, on the contrary, his wife quit the same to live with her father and mother. That he was a carpenter by trade and had been and was still engaged thereat about seven or eight miles from his home. That he had on numerous occasions requested his wife to come and live with him near his work, as it would be very inconvenient for him to go home daily. That in obedience to the order of the court he returned to the marital dwelling, which he, however, had not quit, and upon his entering the same his wife and child deserted him and went to live with her father. He specially denied ever having done anything ill toward his family and averred that he had at all times, and especially at the time of his return home under the summons of court, requested his wife to remain and live with him. He denied that he had ever

abandoned his wife and child or the matrimonial domicile, and aver-red that his wife followed the dictates of her mother and father. He prayed that her action be dismissed with costs.

Plaintiff filed a supplemental petition on the 11th of March, in which she alleged that about a week before the filing of her original petition her husband threatened to take her life; that he went into his house taking his gun, and with said gun in his hands threatened to take her life, and was prevented by other persons standing around. She averred that he lived away from his home though within reach of it, and always failed and refused to support his wife and child; that it became necessary for her to do this herself, and though she was sick and weak the only means she had of doing so was to sell milk and vegetables, which she was compelled to do by peddling them about the town of Patterson and vicinity; that this was a great tax on her physical strength and against the advice of her physician, but that the failure of her husband to support her and child compelled her to do this. That he had, at all times, been neg-ligent of her comfort and had been indifferent and did nothing to take care of her; that she was weak and sickly, and that this was cruelty and of such a kind as to render their living togethes insup-portable. She renewed the allegations of the original petition and her prayers as before made.

Defendant, through his counsel, asked and obtained leave from the court to file a plea of estoppel to the following effect:

That the supplemental petition contained allegations contrary to and inconsistent with the original petition. That plaintiff could not be heard to set up by supplemental petition specific acts of cruelty after having in her original petition founded her action upon aban-donment.

That upon proof of the defendant having returned to the matri-monial domicile as prayed for in the original petition and in obedience to the orders of the court (abandonment being the ground upon which the action was based), plaintiff could not be heard to prove specific acts of cruelty, as the return to the matrimonial domicile put an end to the said suit.

In the event said plea should not prevail defendant pleaded the general issue. He prayed that the demand under the supplemental petition be dismissed with costs.

The District Court rendered judgment decreeing that plaintiff's action be dismissed and rejected at her costs and she appealed.

OPINION.

Plaintiff's action as originally brought was for a separation from bed and board based on abandonment—the judgment asked for being evidently based upon the belief that the husband would refuse to comply with the summons served upon him to return to the matrimonial domicile which she alleged he had left. This expectation was not realized, as the husband, upon having the summons served on him complied at once with the order. The wife herself immediately left the husband's home, going to that of her parents. The course taken by the defendant forced the plaintiff into a change of front, for shortly after she filed a supplemental petition, grounding her right to a separation upon alleged cruelty and seeking to utilize the abandonment which had been set up, no longer as the substantive basis of the action, but merely as " evidence " in support of a charge of cruelty.

We have examined the evidence with care, and find no error in the judgment of the District Court. The facts of the case have not been as fully developed as possibly they might have been, but we think the husband and wife are not near so far apart as the latter's pleadings would indicate. What troubles have arisen seem to date from the time that the wife's parents (after the burning of their own residence) took up their abode at that of their son-in-law. That condition of things is apt to engender differences between the husband and the father and mother of the wife, and we think we are warranted from a consideration of the whole evidence in the case in reaching the conclusion that his absence from his home was more due to these than to any indifference to his wife. We are of the opinion that had the wife's parent's left the property, and had she remained at home, relations between the spouses would long ago have been resumed, and this suit would not have been brought, and we are strongly of the opinion that there exists to-day no valid reason why the parties should remain apart. We find no evidence of cruelty by the husband to the wife. Her demand upon him to return to her is inconsistent with the existence at that time of any well founded reason on her part for a separation, while his return under the summons indicates that he has not lost his affection for her. There is nothing in the record which would tend to show that the return was merely colorable, in order to cut away the foundation on which the suit rested. We think it was done *bona fide*.

It is claimed that the husband failed to support his wife and child.

During the period that this neglect is charged to have occurred the parents were living on the husband's property, cultivating and (for some time at least) having complete control of it. We think it scarcely true for the father to say under such circumstances that the *onus* of support was entirely thrown upon him. He would very naturally and very properly contribute to the support of the daughter and child under such conditions. In any settlement to be made between the parties in the business relations which they are shown to have had together, it is more than possible that an item on this subject will figure. Outside of this, plaintiff was not without remedy· Though the laws of Louisiana do not authorize, as they do in some of the States, a direct action (independently of divorce proceedings) by the wife against her husband for maintenance, she is authorized, under proper conditions on his refusal to provide for herself and child, to purchase the necessaries of life for themselves on his credit.

It may be in the case at bar that the affection of the plaintiff for her parents is greater than that which she has for her husband; it may be that the husband in his relations and differences with them may have acted in a manner to have met with her disapprobation and censure, but the wife must bear in mind that in entering into the married state she took her husband for better or for worse and took upon herself an obligation by which she promised that forsaking all others she would cleave only unto him. We do not feel justified in awarding a separation between plaintiff and defendant by reason of troubles between the husband and the wife's parents. They are certainly much to be regretted, and, if possible, to be avoided, but we can not enter here into the merits of those collateral issues in order to see and determine which of the parties was to blame in the premises. We have no reason to suppose that any course of conduct which the husband adopted in his intercourse or dealings with his father and mother-in-law was done with a view of wounding the feelings or sensibilities of his wife.

With a young infant of only a few months old linking these people together, it is to be hoped that reflection and a sense of duty by each will cause them to resume their marital relations and that the parents of the wife will (as they should) give their assistance in bringing this about.

We conceive it to be our duty under the state of facts disclosed by this record to leave the way open to that end.

The judgment of the District Court is hereby affirmed.