(55 South. 414.)

No. 18,345.

WILLIAMS v. NONA MILLS CO., Limited, et al.

(May 22, 1911.)

*(Syllabus by the Court.)*

1. DEATH (§ 31*)—PLEADING (§ 8*)—ACTION BY WIFE — ABANDONMENT OF HUSBAND — CONCLUSIONS.

Assuming that desertion, without lawful excuse, on the part of the wife, is sufficient to deprive her as widow of the statutory right to sue for damages for the suffering and death of the husband caused by the fault or negligence of a third person, such desertion is not shown by the mere fact that the wife lived separate and apart from her husband during the pendency of a divorce suit by him instituted for alleged cause of adultery. The allegation that certain facts constitute abandonment is a conclusion of law.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 42; Dec. Dig. § 31;* Pleading, Dec. Dig. § 8.*]

2. COSTS (§ 223*)—COSTS ON APPEAL—POWER OF APPELLATE COURT.

Under Act No. 229 of 1910, all appellate courts have the power to tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be deemed equitable. This rule applied to costs occasioned by exceptions overruled by the Supreme Court.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 835–837; Dec. Dig. § 223.*]

Appeal from Twelfth Judicial District Court, Parish of Vernon; Don E. Sorelle, Judge.

Action by Louisa Williams against the Nona Mills Company, Limited, and others. Judgment for defendants, and plaintiff appeals. Reversed.

C. Evans Hardin and Fern M. Wood, for appellant. James G. Palmer, for appellees.

LAND, J. The plaintiff sued for $10,000 damages on account of the sufferings and death of her husband, John Williams, alleged to have been caused by the fault of the defendants.

Defendants filed exceptions of no right of action, which were sustained and the suit was dismissed. Plaintiff has appealed.

For the purposes of the trial of the exceptions, the facts therein set forth were admitted, but the conclusions of law were denied.

The facts set forth in the exceptions are as follows:

"(1) That on February 23, 1909, the alleged date of the death of John Williams, deceased, and for more than two years prior to said date, plaintiff, Louisa Williams, and said decedent, John Williams, were in fact separated and not living together as man and wife.

"(2) That plaintiff, Louisa Williams never resided in the parish of Vernon, or state of Louisiana, and during the time said decedent was working for your appearer, and was residing in your said parish of Vernon or state of Louisiana, said plaintiff was living in the county of Sabine, state of Texas, and separated in fact from said decedent, John Williams, and, therefore, plaintiff having abandoned said decedent and having never lived in the parish of Vernon or state of Louisiana, as the wife of said decedent, that she is entitled to no rights or privileges accorded to widows under article 2315 of the Civil Code of Louisiana.

"(3) That for more than two years prior to the death of said decedent, John Williams, to wit, on January 14, 1907, the said decedent, John Williams, filed suit against the plaintiff, Louisa Williams, in the District Court of Sabine county, Texas, for absolute divorce, as appears on civil docket No. 2, page 65, which suit was regularly served on said plaintiff, Louisa Williams, and was pending as a current suit on the 23d day of February, 1909, in which suit the said decedent, John Williams, charged plaintiff, Louisa Williams, with adultery."

The allegation of adultery makes no proof whatever against the plaintiff that she has been unfaithful to her marriage vows. The presumption is to the contrary.

[1] The fact that the plaintiff did not live with her husband, but was separated from him, must be taken in connection with the further fact that the divorce suit by the husband has been pending since January 14, 1907.

Voluntary separation of either party pending a divorce suit cannot be deemed a deser-

tion, since such separation is justified. 14 Cyc. 633. Abandonment, without a lawful excuse, under the Civil Code of Louisiana, must be made to appear by a judicial proceeding. Articles 143, 144, 145. The facts set forth are not sufficient to show either desertion or abandonment, and the allegation that therefore plaintiff has abandoned the decedent is a conclusion of law.

We express no opinion on the question whether desertion on the part of the wife will deprive her as widow of the statutory right to sue for damages for the suffering and death of the husband caused by the fault of a third person.

[2] As authorized by Act No. 229 of 1910 the court taxes the defendants with the costs occasioned by their exceptions.

It is therefore ordered that the judgment below be reversed, and it is now ordered that the exceptions filed by the defendants be overruled with leave to plead in their answer any facts tending to show marital misconduct on the part of the plaintiff; and it is further ordered that this cause be remanded for further proceedings according to law, and that the costs occasioned by the exceptions and the costs of appeal be paid by the defendants and appellees.