PROYOSTY, J.
This is a suit by husband against wife for separation from bed and *923 board on the ground that the wife has abandoned the matrimonial domicile and refuses to return thereto, or, more properly, that the newly wed wife refuses to come and live in the matrimonial domicile.
After two of the three summons to return to the matrimonial domicile, which article 125 of the Code requires to be served upon the defendant in suits like the present, had been served upon the defendant wife, she filed an answer, in which she denied that plaintiff had ever provided a matrimonial domicile.
After issue had thus been joined on the merits, plaintiff caused a third summons to return to the matrimonial domicile to be served on defendant, and, she paying no attention to the same, obtained a judgment against her to return to the matrimonial domicile, and caused this judgment to be served upon her.
She then moved that this judgment be set aside as null and void, because rendered without the case having been fixed for trial, and without notice to her, and in her absence, and that the ease be fixed for trial on the merits, and the court granted this motion.
The case was then regularly tried on the merits, and decided in favor of defendant.
Plaintiff’s learned counsel complains of the ruling by which the case was required to be fixed for trial. He contends that a ease such as this, for separation from bed and board on the ground of abandonment, is not ripe for trial on the merits until there has been .a preliminary judgment sentencing the defendant to return, and such judgment has been notified to the defendant from month to month three times successively, as prescribed by article 145 of the Code. He argues that, inasmuch as no judgment of separation on the ground of abandonment can be rendered until proof has been made of such preliminary judgment having been thus rendered and notified, the case cannot be considered ripe for trial until then.
The point is not free from difficulty. We-will deal with it when a case is presented in-which its decision is necessary. It is not in the present case, as we have found, with the learned trial judge, that the case is with', defendant on the merits. The only domicile the plaintiff has provided for his wife is a room in the second story of the house No-320 Royal street, in this city, in the commercial part of the city. This house is composed of a ground floor and two stories. The-ground floor is used for commercial purposes. The two stories have separate entrances, and are used as independent flats. Plaintiff’s mother has the second, or upper,, 'story, and rents rooms in it (of which there are ten) by the week, or longer, but never-for a less time; in other words, not to transients. Her sign, “Furnished Rooms,” is afr the street entrance. The place is entirely unobjectionable from the standpoint of respectability. She is 50 years old, and has-some fortune; how much is not stated. Four of the rooms are occupied by herself and her three sons. Whether the sons pay rent is not shown; but they contribute towards the support of the house. One of them: is assistant superintendent of an insurance company, plaintiff is a graduate pharmacist, and the third is a “soda dispenser.” There is but one dining room and one kitchen. The-sons take their meals in the house with the mother, who keeps house. Defendant’s station in life is not shown. Whether before-her marriage she was acquainted with the-position of her intended husband in respect to fortune and social standing, and whether-any prenuptial promises or representations, were made to her, is not shown. At any rate, she refused to go to live in this house-with him, and they have never lived even one day together. She did, however, make one visit to the house, and have an interview *925 with her mother-in-law; and this is what took place, as related by the mother-in-law:
“Q. Have you ever extended an invitation to your daughter-in-law?
“A. The house is there for her to go to. The lady called on me.
“Q. When?
“A. I don’t remember the day or the time.
“Q. Can’t you fix how long it was?
“A. Wait a minute; let’s see if I can think. I positively have no recollection as to the exact time. It is a long while ago.
“Q. Do you know what brought her there?
“A. No; I don’t know what brought her there.
“Q. Did she engage in conversation with you?
“A. Yes, sir.
“Q. What did she say?
“A. She asked me if I would like to have her live with me.
“Q. What did you say?
“A. I said: T have nothing to do with the matter. There is a room here awaiting you, and it is yours and my son’s. I have nothing to do with it. There is the room here.’ ”
[1] Defendant offered to prove that the mother-in-law had objected to the marriage; but the evidence was excluded. It ought to have been admitted, for the purpose of showing the mental attitude of the mother-in-law towards defendant. ' To a young wife invited by her husband to come and occupy as her matrimonial domicile a room in the house of her mother-in-law, it- would make quite a difference whether she was to be a welcome or an unwelcome presence in the house. The animus of the mother appears sufficiently, however, from the foregoing extract from her testimony.
[2] Considering the disposition of the mother, we do not think the premises in question can be said to constitute a matrimonial domicile within the intendment of the Code, which the defendant owes the legal duty, under the circumstance of the case, to go and occupy with plaintiff. What would be the legal situation if he were unable to do better for her we do not undertake to say, for she took him “for better and for worse”; but the evidence shows that he can do better. Let him do it.
Judgment affirmed.