(74 South. 111)

No. 20819.

ROTHSTEIN v. SCHIMSKY.

(Jan. 15, 1917. Rehearing Denied Feb. 12, 1917.)

(Syllabus by the Court.)

DIVORCE ⬤⇒37(9)—DECREE OF SEPARATION— ABANDONMENT—CONDITIONS PRECEDENT.

No decree of separation from bed and board can be decreed on the ground of abandonment without a compliance with the requisites contained in article 145, Civ. Code.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 115.]

Appeal from Civil District Court, Parish of Orleans; T. C. W. Ellis, Judge.

Suit by Mrs. Ida Rothstein against Ike Schimsky, her husband, for separation from bed and board. Judgment for plaintiff, and defendant appeals. Judgment reversed, and judgment rejecting plaintiff's demand as in case of nonsuit.

P. L. Fourchy and Woodville & Woodville, all of New Orleans, for appellant. E. M. Cahn, of New Orleans, for appellee.

SOMMERVILLE, J. Plaintiff sued her husband, Ike Schimsky, for separation from bed and board on the ground that defendant abandoned her on the 1st day of October, 1909, and had not returned to the matrimonial domicile at the time of the filing of the suit, May 24, 1911.

"That, in addition to said abandonment, the said defendant has defamed and publicly abused the plaintiff herein, and that, under the circumstances, petitioner desires to obtain a separation from bed and board from her husband."

Plaintiff does not state in her petition how the defendant defamed and publicly abused her; and, on the trial of the cause, no evidence was offered to support this allegation.

One summons was issued to the defendant calling him to return to the matrimonial domicile, which was served May 25, 1911.

March 23, 1914, defendant answered, and denied "that he was ever married to the plaintiff in New York in 1898, or at any time; and specially denied that the relation of husband and wife has ever existed between them." He denied the other allegations contained in the petition.

The case was called for trial April 22, 1914, when plaintiff and defendant entered into the following stipulation:

"It is agreed by counsel for plaintiff, and counsel for defendant, that this case is being

tried to-day between plaintiff and defendant, up-on the issue of marriage vel non; and, should the court reach the conclusion that there is a marriage, the defendant waives the usual summons to return to the matrimonial domicile, and will not insist thereon."

There was judgment for the plaintiff declaring a separation from bed and board, and defendant has appealed. Defendant made no appearance in this court by oral argument or on brief.

The record contains evidence as to the validity of the marriage of plaintiff and defendant, and the district judge held that the marriage between the parties had been established by competent evidence. But this is not a suit to establish a marriage; it is one to dissolve a marriage by declaring a separation from bed and board.

As there was no evidence offered to support the allegation in plaintiff's petition that "defendant has defamed and publicly abused the defendant herein," it would appear that that ground was abandoned.

The suit on the ground of abandonment was virtually abandoned, for there was but one summons to return to the matrimonial domicile issued and served on the defendant. It would appear, by the agreement quoted above between counsel, that defendant attempted to waive the usual summons to return to the matrimonial domicile, and not to insist thereon. But the law is specific to the effect that no judgment for separation can be decreed on the ground of abandonment without a compliance with the terms of article 145, C. C., which reads:

"The abandonment with which the husband or wife is charged must be made appear by the three reiterated summonses made to him or her from month to month, directing him or her to return to the place of the matrimonial domicile, and followed by a judgment which has sentenced him or her to comply with such request, together with a notification of * * * said judgment, given to him or her from month to month * * * three times successively.

"The summons * * * shall be made to him or her at the place of his or her usual residence, if he or she lives in this state, and, if absent, at the place of the residence of the attorney who shall be appointed to him or her by the judge for that purpose, at the suit of * * * husband or wife praying for separation from bed and board."

See Perkins v. Potts, 8 La. Ann. 14; Bienvenu v. Husband, 14 La. Ann. 387; Merrill v. Flint, 28 La. Ann. 194; Bursha v. Lane, 105 La. 112, 29 South. 712; Van Horn v. Arantes, 116 La. 130, 40 South. 592; Williams v. Nona Mills Co., Ltd., 128 La. 811, 55 South. 414.

A defendant cannot waive the summons to return to the matrimonial domicile in a suit for separation from bed and board based on the ground of abandonment. The requisites of the law in such case must be complied with.

It is therefore ordered that the judgment appealed from be annulled, avoided, and reversed, and that there now be judgment rejecting plaintiff's demand as in case of nonsuit; at her cost in both courts.