The judgment appealed from is therefore affirmed.

$$===$$

(106 So. 250)

No. 27408.

## MOORE v. HAMPSON.

### In re HAMPSON.

(Nov. 2, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Divorce ⬤⇒37(9)—Interlocutory judgment, ordering defendant's return to matrimonial domicile, another form of summons, and does not conclude or bar defendant from making any valid defense at final trial.**

An interlocutory judgment, issued pursuant to Civ. Code, art. 145, commanding defendant to return to matrimonial domicile, constitutes merely another form of summons, and such judgment does not conclude or bar defendant from making any valid defense at final trial of suit for separation on ground of abandonment.

2. **Divorce ⬤⇒37(9)—Object of suit for separation on ground of abandonment under policy of law to effect a reconciliation between spouses.**

The object of a suit for separation on the ground of abandonment is to effect a reconciliation between the spouses, and provisions of Civ. Code, arts. 143, 145, relative to reiterated summonses, preliminary judgment, and service of copies thereof, intervening time between service of summonses and the judgments, are designed to provide opportunity for husband and wife to become reconciled.

3. **Divorce ⬤⇒37(9)—Abandonment must be made to appear in manner provided by Code.**

There can be no abandonment of one spouse by another until abandonment is made to appear in manner provided in Civ. Code, art. 145; the law presuming intention of parties to return, which presumption exists until it is overcome and reconciliation is defeated by failure of errant spouse to obey summons and judgment to return to matrimonial domicile.

4. **Divorce ⬤⇒37(9)—There can be no contestatio litis of suit for separation on ground of abandonment until preliminary judgment rendered ordering defendant spouse to return to matrimonial domicile.**

In suit for separation, grounded on abandonment, where preliminary judgment ordering defendant to return to matrimonial domicile had been set aside and case put on call docket for trial, *held* that trial judge properly ordered case taken off call docket, and properly refused to proceed with hearing except as to issuance of preliminary judgment ordering defendant's return to matrimonial domicile, inasmuch as in such suit there can be no contestatio litis until all provisions of Civ. Code art. 145, have been complied with, and such preliminary judgment is a necessary requirement thereunder.

Thompson, J., dissenting.

Certiorari to Civil District Court, Parish of Orleans; H. C. Cage, Judge.

Suit for separation by Arthur D. Moore against Eleanor Hampson, his wife. The district judge ordered the case taken off the call docket, and, on defendant's application for writs of certiorari and prohibition, a rule nisi was issued to the district judge. Rule nisi recalled, and writs prayed for refused, at relator's cost.

Claude L. Johnson, of New Orleans, for relator.

J. Kenton Bailey, of New Orleans, for respondent.

ROGERS, J. Plaintiff sued defendant for a separation from bed and board on the ground of abandonment. He prayed that she be ordered to return to the matrimonial domicile at No. 8820 Poplar street, in the city of New Orleans, and obtained an order of court for the usual reiterated summonses to issue. After the service of the first summons, defendant filed an answer in which she declared that she had not abandoned

plaintiff, but that he, in fact, had sent her home to her parents without any justification; and she further averred that plaintiff has not provided a domicile to which she can return.

Notwithstanding the filing of defendant's answer, plaintiff caused the second and third summonses to be served on defendant, and, she having paid no attention to the same, on motion, obtained a preliminary judgment ordering defendant to return to the matrimonial domicile. Thereafter defendant, on being served with a copy of said preliminary judgment, ruled the plaintiff into court to have said judgment set aside, on the ground that it had been rendered without setting the case for trial, after issue had been joined by the filing of her answer, and to have the case regularly fixed for trial on its merits.

The judge of the district court, on the hearing of the rule, granted the relief prayed for, and accordingly the preliminary judgment was annulled, and the case was ordered set down on the call docket for trial.

When the case came on for trial, the judge of the district court to whom it had been originally allotted being engaged in the hearing of another case, it was transferred, under the rules, to another division of said court. Defendant, at this time, was ready for trial, but, upon objection of plaintiff's counsel, the judge of said division of the district court refused to proceed with the hearing and ordered the case taken off the call docket, announcing that, upon the presentation of the proper motion showing the service of the three reiterated summonses, he would render a preliminary judgment ordering defendant to return to the matrimonial domicile. The defendant then applied to this court for the present writs of certiorari and prohibition.

The return of the district judge to the rule nisi issued herein, after admitting the facts, shows, substantially, that his ruling was based upon his opinion that there was no joinder of issue between the parties, which could only take place after all the facts relied on by plaintiff, including compliance with the provisions of Civ. Code, art. 145, and all the facts set out by defendant, were in a position to be presented to, and passed upon by, the court at one and the same time.

[1] We think the reasons assigned by the district judge amply support his ruling. Civ. Code, art. 145, sets forth the proceedings necessary to be followed in order to prove the abandonment with which the husband or wife is charged. Such a case is not to be tried as a case is ordinarily tried, but in accordance with the particular method provided in the codal article. It is a special action peculiar to, and exclusive in, our law of separation from bed and board and divorce. The district judge, in his answer to the rule nisi, has well said:

"That the rights of the defendant wife were in nowise jeopardized nor delayed by postponing the trial of the case until after all the requirements of article 145 of the Code had been complied with. That the interlocutory judgment commanding defendant to return to the matrimonial domicile constituted merely another form of summons, as this honorable court has already stated in the case of Bursha v. Lane, 105 La. 112, 29 So. 712, and that therefore such judgment was not conclusive on her, nor did it bar her from making any valid defense that she might have on the final trial of the issue."

[2] The object of a suit for separation on the ground of abandonment is obviously, under the policy of the law, to effect a reconciliation between the spouses. The purpose of the reiterated summonses to return to the matrimonial domicile, and the preliminary judgment ordering such return, and the service of the copies of said judgment, with the intervening time between the services of the summonses and the judgments, is design-

ed by the lawmaker to provide an opportunity for the husband and the wife to become reconciled. In Perkins v. Potts, 8 La. Ann. 14, this court said:

"The law [R. C. C. 143, 145] presupposes the possibility of a reconciliation between husband and wife, and its policy is to bring them together."

And in Spansenberg v. Carter, 151 La. 1038, at page 1045, 92 So. 673, 675, the principle is stated as follows:

"The very purpose of the law in requiring the husband or wife to return to the matrimonial domicile is to afford them an opportunity to become reconciled."

[3] The law has determined that there can be no abandonment of one spouse by the other until that abandonment has been made to appear in the manner which it has provided. It always presumes an intention to return, and this presumption exists, and the reconciliation remains in suspense, until the presumption is overcome and the reconciliation is defeated by the failure of the erring spouse to obey the summonses and the judgment to return to the matrimonial domicile.

In support of her contention, relator cites Bursha v. Lane, to which we have referred supra, and Geisinger v. Conners, 130 La. 922, 58 So. 815. Neither of these cases, however, are susceptible of the construction placed upon them by relator. In Bursha v. Lane, it is true, the district court did hear and pass upon the merits of the answer filed by defendant after the service of the third summons, and prior to the rendition of the preliminary judgment ordering her to return to the matrimonial domicile. But this was done without objection by the parties, and the judgment rendered by the district court amounted to nothing more than the judgment to return to the matrimonial domicile required by article 145 of the Civil Code. On appeal, this court specifically said that such judgment was the only one the lower court could render. The procedure to be followed in cases of this kind was not set forth. In Geisinger v. Conners, the contention was made as to whether the court should have heard the case on the issue presented by the answer at a time prior to the completion of the requirements of the codal article, and this court did refer to the point, but it refused to pass on that phase of the case, saying:

"The point is not free from difficulty. We will deal with it when a case is presented in which its decision is necessary. It is not in the present case, as we have found, with the learned trial judge, that the case is with the defendant on the merits."

[4] In the case at bar the point is squarely presented, and its decision is necessary under the issues as made up. We have considered it, and, for the reasons which we have hereinabove assigned, have reached the conclusion that in a suit for separation from bed and board, grounded on abandonment, there can be no contestatio litis until all the provisions of Civ. Code, art. 145, have been complied with; that in such suits it is necessary for two judgments to be rendered— a preliminary, or interlocutory, judgment ordering the return of the defendant spouse to the matrimonial domicile, and, in due course, a definitive judgment decreeing the separation from bed and board as prayed for.

The rule nisi issued herein is therefore recalled and the writs prayed for are refused at relator's cost.

THOMPSON, J., dissents.