(110 So. 421)

No. 26038.

## VERRET v. KOELMEL.

(Nov. 2, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Evidence** ☞14—Common knowledge that female members of husband's family frequently create unsettled condition of mind in wife.

   It is common knowledge to all experienced in such matters that female members of husband's family frequently create an unsettled or disturbed condition of mind in wife, which is destructive of her happiness and comfort.

2. **Husband and wife** ☞3(1)—Husband cannot arbitrarily compel wife to live with his parents under circumstances injurious to her comfort, health, and happiness (Civ. Code, art. 120).

   Husband cannot arbitrarily compel wife to live with his parents under circumstances injurious to her comfort, health, and happiness, notwithstanding Civ. Code, art. 120, providing that he has exclusive right to select matrimonial domicile, since this right must be reasonably exercised.

3. **Husband and wife** ☞3(1).

   Home of husband's parents *held* not to be matrimonial domicile contemplated by law which wife must occupy, in view of antagonism existing between her and husband's mother.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Suit by Edmond C. Verret against Katie Anna Koelmel, his wife. Judgment for defendant, and plaintiff appeals. Affirmed.

Alexis Brian, of New Orleans, for appellant.

Daly & Hamlin, of New Orleans, for appellee.

ROGERS, J. Plaintiff sued his wife for a separation from bed and board on the ground of abandonment. Her main defense to the suit is that her husband, although amply able to do so, refuses to provide a separate matrimonial residence and domicile and insists that she reside with his mother "an unreasonable and disagreeable person." She further averred that she "has offered, and does now offer, to live with him at a domicile and residence separate and apart from any member of their respective families." The court below rejected plaintiff's demand and he appealed.

The record shows that the parties were married on April 19, 1920. Plaintiff immediately took his wife to the home of his parents, where he established the matrimonial domicile. A male child was born to the couple in February, 1921. In the month of October, preceding the birth of her child, defendant became ill and was ordered to bed by her physician. Her illness lasted for some time, necessitating the employment of nurses, as well as requiring the services of a physician. On February 23, 1922, after the birth of her child, and although not entirely recovered from her illness, defendant left the home of plaintiff's parents, going to reside with her mother. Defendant's departure from the matrimonial domicile was with the knowledge of her husband, and, if without his express consent, which is uncertain, was not objected to by him.

[1] The court below found as a fact that

a mild form of antagonism, impossible of adjustment, existed between plaintiff's mother and the defendant. Close reading of the evidence on our part confirms the correctness of the finding. Without going into the details, we are satisfied that the relations between the mother-in-law and daughter-in-law have been unpleasant from the moment, practically, when the latter was brought as a young wife into the former's home. The case is not unusual, for it is common knowledge to all experienced in such matters that the female members of the husband's family frequently create, either intentionally or unintentionally an unsettled or disturbed condition of mind in the wife which is destructive of her happiness and comfort.

It is apparent from the evidence in the record that the only cause of dissension at any time between the parties grew out of plaintiff's insistence that they should live with his father and mother. The wife evinces an affection for her husband and a desire to live with him anywhere else, even though the new home should consist of only "one room and a kitchen." The husband has no complaint against his wife, except that she is not willing to live in the home of his parents. It appears, however, that his pecuniary circumstances are not such as to render such a mode of living necessary.

[2] The general rule is that the husband has the exclusive right to select the matrimonial domicile, and the wife is bound to follow him wherever he chooses to reside. Civ. Code, art. 120; Birmingham v. O'Neil, 116 La. 1085, 41 So. 323. But this rule is, necessarily, subject to the qualification that this right of the husband must be reasonably exercised. He cannot arbitrarily compel his wife to live with his father and mother under circumstances which are injurious to her comfort, health, and happiness. Cf. Gessinger v. Conners, 130 La. 922, 58 So. 815.

[3] Under the circumstances of this case, we do not think it can be said that the home of plaintiff's parents is the matrimonial domicile contemplated by law, which the wife owes the legal duty to occupy with her husband.

For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.