(131 So. 299)

SPRING v. MENDOZA.

No. 30622.

Nov. 3, 1930.

Rehearing Denied Dec. 1, 1930.

A. H. Reed and Woodville & Woodville, all of New Orleans, for appellant.

Walter, S. Lewis, of New Orleans, for appellee.

BRUNOT, J.

This is an appeal by the defendant from a judgment in favor of the plaintiff, his wife, decreeing a separation a mensa et thoro, awarding plaintiff the custody of their minor child, and condemning defendant to pay to the plaintiff alimony at the rate of $65 per month from the date of the judgment. The suit is based upon the alleged abandonment of the plaintiff by the defendant. The petition contains the recitals and concludes with the prayer usual in suits for separation from bed and board. Following the filing of the petition, an injunction restraining the defendant from disposing of the community property was regularly obtained and the defendant was ordered to pay to the plaintiff alimony pendente lite. The answer of defendant puts the important averments of the petition at issue. We may omit a detailed statement of these pleadings for the reason that, prior to the trial of the case, plaintiff and defendant amicably compromised their differences, reestablished their matrimonial relations, and lived together as man and wife in a rented apartment at 3434 Canal street for one month. The proven or admitted facts are that defendant is a school teacher and entirely dependent upon his salary, as such, for his income; that during the period between the

school sessions he does not receive any salary whatever; that when the month he and the plaintiff occupied the apartment at 3434 Canal street ended, the session of the school, in which he taught, had closed; that he had arranged with his father, who resides at Jeanerette, for the use of a house, rent free, on his father's premises, and that he requested the plaintiff to accompany him to Jeanerette and occupy the house during the vacation months, but that she declined to do so; that said house is conveniently situated on the main highway, about one mile from Jeanerette, near neighbors, and it is a good six-room house. Upon the refusal of plaintiff to accompany the defendant to Jeanerette, for the purpose stated, the defendant surrendered the apartment at 3434 Canal street and went to Jeanerette alone. While the suit was pending, defendant moved its dismissal upon the ground that he had made every reasonable effort to comply with the summons served upon him to return to the matrimonial domicile, and in this motion he invites and entreats the plaintiff to share with him the house he then occupied at No. 128 North Clark street. In answer to the motion the plaintiff questions the good faith of the defendant. She alleges that defendant neglected her and their child; that he did not properly provide the necessities of life for herself and child; that while living with defendant at 3434 Canal street she was left in darkness for three weeks and without gas service for four days because defendant did not pay his gas and electric bills timely. Other allegations of similar import are made, but they are of a character less aggravating and of less importance. After a hearing of the matter, the defendant's motion to dismiss the suit was denied. Some time thereafter the case, as it then stood, was assigned for trial. On the day fixed for the trial the defendant requested the court to dismiss the suit upon the ground that a reconciliation of the parties during the pendency of the suit was admitted. The court held that the ground relied upon by defendant for the dismissal was a controverted fact, the request was refused, and the case proceeded to the judgment appealed from.

■ A suit for a separation from bed and board on the ground of abandonment is predicated upon the defendant willfully leaving and remaining away from the matrimonial domicile in defiance of a lawful summons to return thereto. Once he or she, as the case may be, returns and the parties thereafter live together for a time as man and wife, the suit is at an end, and, upon a proper showing, it should be dismissed.

"Separation grounded on abandonment by one of the married persons can be admitted only in the case when he or she has withdrawn himself or herself from the common dwelling without a lawful cause, has constantly refused to return to live with the other, and when such refusal is made to appear in the manner hereafter directed." C. C. art. 143.

"The abandonment with which the husband or wife is charged must be made appear by the three reiterated summonses made to him or her from month to month, directing him or her to return to the place of the matrimonial domicile, and followed by a judgment which has sentenced him or her to comply with such request, together with a notification of the said judgment, given to him or her from month to month for three times successively." C. C. art. 145.

The record does not disclose that a judgment was rendered in this case ordering the defendant to return to the matrimonial domicile. The judgment appealed from was there-

fore rendered prematurely and not upon such evidence as the law requires. Van Horn v. Arantes, 116 La. 130, 40 So. 592.

The testimony we have summarized supra shows that appellant before surrendering the apartment he and the plaintiff occupied at 3434 Canal street, had made provision to properly house his wife and child near Jeanerette, but plaintiff refused to follow him to that abode. She gives, as a reason for her refusal to accompany her husband to Jeanerette, the attitude of all her husband's sisters, except one, towards her. She says that with one exception the sisters of her husband did not treat her civilly. Appellee relies upon Lane v. Bursha, 50 La. Ann. 275, 23 So. 834, 836; Baurens v. Giroux, 117 La. 696, 42 So. 224; McLean v. Janin, 45 La. Ann. 664, 12 So. 747.

In the Lane v. Bursha Case the wife sued for a separation upon the ground of abandonment. In a supplemental petition she charged her husband with cruelty and outrages towards her of such a nature as to render their living together insupportable, and with threatening to take her life. The lower court dismissed plaintiff's suit, and on appeal this court affirmed the judgment, saying:

"Plaintiff's action as originally brought was for a separation from bed and board, based on abandonment, the judgment asked for being evidently based upon the belief that the husband would refuse to comply with the summons served upon him to return to the matrimonial domicile which she alleged he had left. This expectation was not realized, as the husband, upon having the summons served on him complied at once with the order. * * * The course taken by the defendant forced the plaintiff into a change of front, for shortly after she filed a supplemental petition, grounding her right to a separation upon alleged cruelty, and seeking to utilize the abandonment which had been set up no longer as the substantive basis of the action, but merely as 'evidence' in support of a charge of cruelty."

In the same case the court also held that differences between the husband and the wife's parents, in which the wife sides with the latter, furnish no ground for a separation. The Baurens v. Giroux Case properly holds that a husband who ejects his wife from the matrimonial domicile, under circumstances that justify her not returning, cannot avail himself of her refusal to return when called on by him to do so. In the McLean v. Janin Case it is held that if the wife willfully declines to accompany her husband to a new home without a just or reasonable cause, it is an act of desertion on her part. On the other hand, if the husband leaves his home and his wife and children and goes elsewhere without attempting to enable them to join him, he may be summoned to answer to an action based on abandonment.

It is our opinion that the foregoing cases support the contentions of the defendant herein, and that they are in accord with Chretien v. Her Husband, 5 Mart. (N. S.) page 60, and Rothstein v. Schimsky, 140 La. 815, 74 So. 111, cited by counsel for defendant.

Plaintiff's belated allegations of neglect, mistreatment, and humiliation may be the basis of another suit with which we are not now concerned, but these allegations cannot affect plaintiff's original prayer for judgment upon the ground of abandonment alone.

For the foregoing reasons, it is ordered and decreed that the judgment appealed from be avoided, and this suit dismissed at appellee's cost.

On Application for a Rehearing.

PER CURIAM.

The appellee, in her application for a rehearing, complains, among other things, of the statement in the opinion that the judgment appealed from was premature, because no preliminary judgment had been rendered ordering the defendant to return to the matrimonial domicile.

The statement was inadvertently made, the court, for the time being, overlooking the provisions of Act No. 271 of 1928, dispensing with the summonses and notices where an answer has been filed to plaintiff's demand. However, the point at issue in the case is not whether a preliminary judgment was rendered, but whether the parties became reconciled after the proceeding was filed. We are satisfied, as our opinion shows, that a reconciliation took place between the parties during the pendency of the suit.

A reconciliation of the parties after the facts which might have authorized a suit for separation, or after the suit has commenced, bars the action. Civ. Code, art. 152.

None of the grounds set up by the appellee in her application justify a rehearing in the case. Rehearing denied.