**KENDALL v. BROTHERHOOD OF RAIL-ROAD TRAINMEN.**

**No. 967.**

Court of Appeal of Louisiana, First Circuit.

May 3, 1932.

Ponder & Ponder, of Amite, for appellant.

Bascom D. Talley, of Bogalusa, for appellee.

MOUTON, J.

The defendant association, with its alleged headquarters in Cleveland, is sued by Mrs. Georgiana Kendall as a beneficiary under a brotherhood policy issued to Mart Kendall, her deceased son, by said association. Being a fraternal benefit society, service of citation upon it is governed by section 17 of Act No. 256 of 1912, page 565.

The defendant association was cited through the secretary of state, and was given ten days to answer from the service of citation; the delay not to exceed fifteen days.

The defendant, before making any appearance, excepted to the proceedings against it; first, for want of proper service of citation, also because it could not be cited through the secretary of state.

Section 17 of Act No. 256 of 1912 requires that service of all legal process on fraternal benefit societies be made through the secretary of state, and which says: "Provided, however, that no such service shall be valid or binding against any such society when it is required thereunder to file its answer, pleading or defense in less than thirty days from the date of mailing the copy of such service to such society."

In this case the defendant association was required, if it did not comply with the demand of plaintiff, to file its answer thereto in ten days after service of citation, and without any reference being made therein to the provision of that section of the statute, which says that no service shall be valid or binding when the society is required thereunder to file its answer, pleading, or defense in less than thirty days from the "date of mailing of such service to such society." The citation is therefore defective for want of legal delay given to defendant from service, as demanded by the statute, above referred to.

We shall not, however, dismiss the suit, but will remand the case for a new citation to be issued according to law. McAlpin, Receiver, v. Jones et al., 10 La. Ann. 552.

The citation being illegal, defendant is not properly in court; the judgment below maintaining the other exceptions must be set aside; all such, and other issues that may hereafter be presented, to remain in abeyance for future adjudication should this case return to this court for decision.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed; that this case be remanded below for the issuance of a new citation, according to law; cost of appeal to be paid by defendant, appellee. Act No. 229, of 1910; Williams v. Nona Mills Co., 128 La. 811, 55 So. 414.